WILLIAMS *v.* HARPER.

4-5375 126 S. W. 2d 941

Opinion delivered April 3, 1939.

*John M. Shackelford* and *Boone T. Coulter,* for appellant.

*Hawkins & Keith* and *H. M. Barnes,* for appellee.

McHANEY, J. Appellant brought this action to cancel, as a cloud on his title, a certain mineral deed exe-

cuted by himself and wife to appellee to an undivided one-half interest in the minerals under the SW¼ of the NE¼ of section 14, township 16 south, range 22 west, in Columbia county, Arkansas, dated March 15, 1937, on the ground of failure of consideration.

It is undisputed that on March 2, 1937, appellant executed an oil and gas lease to appellee covering said land for an agreed consideration of $200 to be paid on approval of title by his attorneys. The lease was deposited in escrow in a bank in Waldo, pending approval of title. On March 5, 1937, appellee's attorneys disapproved the title because of a tax forfeiture and sale of nine acres. On March 12, appellee took the lease out of the bank and caused it to be put of record. He tried to get a quitclaim deed from the purchaser at the tax sale, but failed to get it. At this point the evidence is in dispute. Appellee testified that shortly after he failed to get said quitclaim deed, he saw appellant and told him he would be unable to accept the lease, and explained to him that since the tax deed covered only nine acres, if appellant would give him a mineral deed to one half of the land, he would accept the lease and pay the purchase price of $200 for both conveyances; that appellant agreed to this and on March 15, 1937, he and his wife conveyed to appellee one-half the minerals under said land. Appellee further testified that he told appellant he would try to clear up the title and if he succeeded, it would also clear up appellant's title to the remainder. Appellant admitted the execution and delivery of the mineral deed, but stated very positively it had nothing to do with the lease or the $200 purchase price; that the consideration for the mineral deed was the agreement of appellee to clear up the title to his land; that he had done nothing about clearing the title; and that the consideration had failed.

Trial resulted in a decree dismissing the complaint for want of equity.

Appellant argues that the act of appellee in taking the lease agreement out of escrow and putting it of record constituted an acceptance of the title as a matter of law. We do not think so, although it is cogent evidence of an acceptance. But appellee testified he thought he

could get a quitclaim deed from the tax purchaser which he failed to get. Both the bank and appellant were anxious for the $200 to be paid, as the bank held a mortgage on the property and appellant desired to satisfy the bank out of the proceeds. Appellee notified the bank and appellant that he could not take the lease on account of the title, but would take it with the mineral deed, and pay the $200 and that all this was agreed to before the lease was recorded or the purchase money paid. As we see it, only a question of fact is presented, and we are unable to say the decree of the court is against the clear preponderance of the evidence.

Affirmed.